ALVORD v. REVILLON FRÈRES et al.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

1. USURY (§ 22*)—NOTES.
    A note for $425, payable in four months after date, given for a loan of $400, and a note for $325, given after $125 had been paid on account, were usurious.

    [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 41, 58–61, 63–65; Dec. Dig. § 22.*]

2. WAREHOUSEMEN (§ 34*)—CONVERSION—ACTION—RIGHT TO SUE.
    The payee of a note, void for usury, taking as collateral security a nonnegotiable warehouse receipt for certain overcoats, who sold them to plaintiff and gave him orders on the warehouseman, who delivered part of the coats, but refused to deliver the balance, never obtained title to the coats, and did not pass title to plaintiff, who could not maintain conversion against the warehouseman.

    [Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 71–85; Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John H. Alvord against Revillon Frères and Josephine Lowenthal. Judgment for plaintiff, and defendant Lowenthal appeals. Reversed, and complaint dismissed as to defendant Lowenthal, and affirmed as to defendant Revillon Frères.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Henry S. J. Flynn, of New York City, for appellant.

Justus W. Smith, of New York City, for respondent Alvord.

J. Bradley Tanner, of New York City, for respondent Revillon Frères.

SHEARN, J. Judgment for plaintiff, rendered by the court without a jury, for $246, in an action for conversion.

[1] Appellant borrowed $400 from one Marburger, giving him a promissory note, payable four months after date, for $425, and delivering to him as collateral security a warehouse receipt for certain fur-lined coats. Thereafter $125 was paid on account, and a new note for $325 was executed and delivered. No other consideration than the $400 was received by appellant for the two notes, each of which was therefore usurious.

[2] On January 12, 1912, Marburger sold to plaintiff 30 of the fur-lined coats, which were in a warehouse under a nonnegotiable receipt, and gave him three orders on the warehousemen for the delivery of the fur-lined coats to him, in lots of 10 each. Twenty of the coats had been delivered to the plaintiff without notice to the appellant, when on or about January 12, 1912, appellant's agent went to Marburger to make a payment on the note for $325, which was then overdue. On that day appellant was informed by Marburger that he had sold the coats, whereupon appellant notified the warehousemen and claimed title to the coats. The warehousemen refused to deliver to the plaintiff the balance of the coats, and an action against them for conversion was begun. Appellant was thereafter made a party to the action on motion of the warehousemen.

The transaction between the appellant and Marburger was void for usury. Marburger never obtained title to the fur-lined coats, and was therefore never in a position to pass title to the plaintiff. Two judgments were entered, one indorsed on the papers on January 19, 1914, and the subsequent one, which in effect amended the original judgment, on January 24, 1914.

Accordingly the judgment of January 19, 1914, as amended by the judgment of January 24, 1914, is reversed, with costs, and the complaint dismissed upon the merits, with costs, as to the defendant Lowenthal, and judgment affirmed as to the defendant Revillon Frères, without costs. All concur.